IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *  CRIMINAL NO. SAG 22-409 |
| | * |
| WILSON CONSTANZA-GALDOMEZ | * |
| | * |
| | * |
| Defendant. | * |

*******

UNITED STATES' RESPONSE IN OPPOSTION
TO DEFENDANT CONSTANZA-GALDOMEZ'S MOTION TO SUPPRESS TANGIBLE
EVIDENCE (ECF 79)

The United States of America, through its attorneys, Kelly Hayes, United States Attorney for the District of Maryland, and Alex Kalim, Assistant United States Attorney, and David L. Jaffe, Chief of the Violent Crime and Racketeering Section ("VCRS"), and Grace Bowen and Brian Leaming, Trial Attorneys, respectfully submit this Response in Opposition to the motion of defendant Constanza-Galdomez to suppress tangible evidence obtained as the result of a search of his person. Defendant claims that he was "subject to an unlawful seizure and the searches that occurred in this case were in violation of his rights under the Fourth Amendment . . . and the fruits of that illegal search and seizure must be suppressed." ECF No. 79 at 1. Because investigators had probable cause to arrest Defendant for state offenses related to a stabbing, his arrest was lawful and the officers lawfully seized any items incident to his arrest. Therefore, the defendant's motion should be denied.

I.  **Procedural History**

On June 11, 2020, Defendant was arrested by members of the Baltimore County Police Department (BCPD) and charged with multiple State offenses to include Attempted First-Degree Murder, Assault in the First Degree, Assault in the Second Degree, and Kidnapping. After his

1

arrest, Defendant was held without bond. On November 20, 2022, a federal grand jury in the District of Maryland returned an indictment charging Defendant, and others, with RICO conspiracy, in violation of Title 18, United States Code, Section 1962(d). The indictment incorporated, in part, the offense conduct for which Defendant was arrested on June 11, 2020.

On April 7, 2025, Defendant filed the present motion seeking an order from the Court suppressing all "recovered items" seized from Defendant's "person" during his June 11, 2020, arrest. *See* ECF No. 79 at 1. Defendant argues that such "items" were unlawfully seized in violation of his Fourth Amendment rights. *Id.*

On April 18, 2025, the government moved for additional time to respond to Defendant's motion, as well as other pretrial motions, to and including May 1, 2025. *See* ECF No. 84. On April 21, 2025, the Court granted that motion. *See* ECF No. 85.

**II.     Search of Defendant's Person on June 11, 2020**

On June 6, 2020, officers were dispatched to a location in Baltimore County, Maryland where they found victim C.R. with multiple stab wounds to his back. C.R. told the officers he was attacked by five males and gave a description of his attackers. C.R. was then taken to Bayview Hospital to be treated for his wounds. On that day, BCPD officers located and arrested three of the suspected attackers shortly after the attack on C.R., including co-defendants Edis Valenzuela-Rodriguez and Jonathan Pesquera-Puerto. On June 7, 2020, investigators interviewed C.R. at the hospital and he stated the suspects were MS-13 members who had been trying to recruit him to join the gang since December 2019.

Based on C.R.'s description of the attack, detectives obtained surveillance footage from the library where C.R. stated he first encountered the suspects. The surveillance footage corroborated C.R.'s account of the events and his description of the suspects. During a follow up

interview with C.R. on June 8, 2020, detectives showed C.R. still photographs of the suspects from the surveillance footage. C.R. identified Defendant Constanza-Galdomez by an alias, "Marco Saravia," as one of the suspects involved in his attack and shown in the still photographs. C.R. also stated that "Marco Saravia" had a tattoo of a rose on his arm and "El Salvador" on his back.

On June 11, 2020, BCPD investigators conducted surveillance at 813 E. Baltimore Street. During surveillance, they apprehended one of the other suspects after he exited 813 E. Baltimore Street. Investigators then interviewed one of the roommates at 813 E. Baltimore Street who gave them a phone number for the Defendant. Based on this information, investigators obtained an exigent order for the real-time location of Defendant's phone. On June 11, 2020, investigators saw Defendant in Betty Hyatt Park in Baltimore City, Maryland with three other individuals. Investigators then arrested and transported Defendant to BCPD Headquarters. Pursuant to a search incident to arrest, BCPD officers seized a gray and black iPhone from the Defendant. That phone was later searched pursuant to a search warrant signed by a Judge for the District Court of Maryland for Baltimore County, on June 17, 2020.

### III.   Legal Authority

"The Constitution permits an officer to arrest a suspect without a warrant if there is probable cause to believe that the suspect has committed or is committing an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979); *see Adams v. Williams*, 407 U.S. 143, 148-49 (1972). Probable cause for an arrest "depends upon whether, at the moment the arrest was made . . . the facts and circumstances (within the arresting officers') knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that a (suspect) had committed or was committing an offense." *Adams*, 407 U.S. at 148 (internal

quotations omitted); *see also Draper v. United States*, 358 U.S. 307, 313 (1959); *United States v. Trappier*, 447 Fed. Appx. 463, 465 (4th Cir. 2011).

Whether an officer had probable cause is determined by the "totality of the circumstances." *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018); *Maryland v. Pringle*, 540 U.S. 366, 371 (2003); *Illinois v. Gates*, 462 U.S. 213, 230-31 (1983). Probable cause may be established through information provided by any reliable source or sources, *Draper*, 358 U.S. at 313, or even through an anonymous tip that has been corroborated, *see Gates*, 462 U.S. at 241. As it relates to warrantless searches, officers "may rely upon information received through an informant, rather than upon his direct observations, so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge." *Id.* Further, courts can rely on the affiant's training and experience in making a probable cause determination. *United States v. Flores*, 368 Fed. Appx. 424, 435 (4th Cir. 2010) (unpublished); *United States v. Gibbs*, 547 Fed. Appx. 174, 179 (4th Cir. 2013) (unpublished).

When a subject is validly arrested, based on probable cause, a warrantless search is reasonable to accompany that arrest. *Wells v. Fuentes*, 126 F.4th 882, 891 (4th Cir. 2025); *United States v. Robinson*, 414 U.S. 218, 227 (1973) (finding "such searches also meet the Fourth Amendment's requirement of reasonableness); *Cupp v. Murphy*, 412 U.S. 291, 295 (1973) (reaffirming authority to search incident to a valid arrest). As it relates to phones specifically, the Supreme Court has stated that phones may be seized incident to arrest, but the contents of the phone generally can only be searched once a warrant is obtained. *Riley v. California*, 573 U.S. 373, 401 (2014).

## IV.   Argument

Defendant moves to suppress all "recovered items" seized from his person on June 11, 2020. The only item seized from Defendant was the grey and black Apple i-Phone.[1] Defendant's sole argument is that the seizure of items from him during his arrest violated his Fourth Amendment right to be free from unreasonable searches and seizures. While Defendant does not articulate any legal basis for his argument, nor does he provide any factual assertions that would support his argument, the investigators had probable cause to arrest the defendant and, therefore, the seizure of his phone pursuant to that arrest was also lawful.

The Fourt Circuit has recognized that the probable cause standard is met when "facts and circumstances within the officer's knowledge would warrant the belief of a prudent person that the arrestee had committed or was committing the offense." *United States v. Manbeck*, 744 F.2d 360, 376 (4th Cir. 1984); *see also Pringle*, 540 U.S. at 370-71 (describing potentially relevant factors to the totality of the circumstances). The totality of the circumstances here would warrant the belief that the Defendant had committed the offense that the detectives were investigating. Therefore, there was clearly probable cause to arrest defendant and, as is consistent with established precedent, search his person and seize items on his person.

Victim C.R. knew the five Hispanic men who assaulted him on June 6, 2020. In fact, he had known them for months as they were continually trying to recruit him to join MS-13. He identified the Defendant, albeit by an alias Defendant went by, and even knew what tattoos he had. Victim C.R., recently stabbed by the Defendant and the other attackers, had no reason to conceal their identity or mislead detectives. Additionally, detectives obtained surveillance video footage from a library where C.R. first encountered his attackers, including Defendant, and when shown still images from the

---

[1] Constanza appears only to challenge the seizure of his phone, not the search of the device itself.

surveillance footage C.R. identified Defendant and others. The details provided by C.R., along with his identification of Defendant, were sufficient for detectives to rely on to establish probable cause to arrest Defendant. *See Draper*, 358 U.S. at 313  In other words, the detectives had sufficient "facts and circumstances . . . to warrant a man of prudence and caution in believing that the offense has been committed." *Carroll v. United States*, 267 U.S. 132, 161 (1925). Once the detectives had a sufficient description of Defendant, and his involvement in the attack on C.R., they then obtained Defendant's phone number from one of the roommates at the house where they spotted another one of the suspects.

With Defendant's phone number, the detectives obtained an exigency order for real time location information to locate and arrest the defendant. Detectives tracked Defendant's phone to a park area near E. Baltimore Street. From there, investigators conducted surveillance during which they saw Defendant at the park with three other individuals. Probable cause is an objective test and the court examines the facts within the detectives' knowledge at the time of arrest. Here, at the time of arrest, detectives were familiar with what the Defendant looked like from the surveillance footage. They also knew, from the victim, that the individuals shown in that surveillance footage were the individuals who forced the victim onto the bus before stabbing him in a wooded area. Based on what the detectives knew, which came from reasonable, trustworthy sources, the information was sufficient for the detectives to believe that Defendant had committed the offense for which he was arrested. *See Adams*, 407 U.S. at 148.

There was ample probable cause for the detectives to arrest Defendant, which then resulted in the search of his person, and the seizure of the black and gray iPhone pursuant to that valid arrest. *See Fuentes*, 126 F.4th at 891 (stating "warrantless searches are often reasonable when they accompany an arrest"). Detectives subsequently obtained a search and seizure warrant, which contained many of the same facts stated above, to actually search the phone. A judge signed the warrant on June 17, 2020.

Therefore, because there was probable cause to arrest Defendant, the search incident to arrest resulting in the seizure of his phone, was lawful.

## V. Conclusion

For the foregoing reasons, the United States respectfully requests that the Court deny the defendant's motion to suppress in its entirety.

                                                  Respectfully submitted,

                                                  Kelly Hayes
                                                  United States Attorney

                                                  David L. Jaffe
                                                  Chief, Violent Crime and Racketeering Section

By:        /s/
                                                  Alex Kalim
                                                  Assistant United States Attorney
                                                  District of Maryland
                                                  Tel.: (410) 478-3444

                                                  /s/
                                                  Grace Bowen
                                                  Trial Attorney
                                                  Violent Crime and Racketeering Section
                                                  U.S. Department of Justice
                                                  Tel.: (202) 365-5795

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 1st day of May, 2025, the foregoing response was filed electronically and thus served upon defense counsel.

                                                            /s/
                                          Grace Bowen
                                          Trial Attorney