IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No.:  SAG 22-409 |
| WILSON CONSTANZA-GALDOMEZ | * | |
| Defendant | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**DEFENDANT'S SUPPLEMENTAL MOTION TO SUPPRESS TANGIBLE EVIDENCE**

The Defendant, Wilson Constanza-Galdomez, by and through counsel, Julie M. Reamy, hereby supplements his previously filed motion to suppress tangible evidence (ECF 79) for a violation of his Fourth Amendment right against unreasonable search and seizure under the United States Constitution as follows:

*Relevant Factual Background*

On April 7, 2025, Mr. Constanza-Galdomez moved for the suppression of evidence recovered as a result of an unlawful search and seizure on June 11, 2020.  Baltimore County Police detectives accessed the real time and preceding 48 hours of historical cell site location data associated with Mr. Constanza-Galdomez's cellular phone to locate and arrest him based on a claim of exigent circumstances.  There was no judicially authorized warrant for access to Mr. Constanza-Galdomez's cell-site location data or for his arrest on criminal charges.

At the time of Mr. Constanza-Galdomez's arrest, several items were seized from his person to include: a folding knife, a blue bandana, and an iPhone. These items were retained as evidence.

1

Prior to the filing of Mr. Constanza-Galdomez's motion to suppress evidence, the government had not provided a copy of the Exigent Request form used to justify access to his real time cell site location data. The document was provided to undersigned by the government on May 28, 2025, by email.

The form, authored by Detective Atkins of Baltimore County Police and directed to T-Mobile, cites "immediate danger or serious physical danger to any person" as the basis for the exigent circumstances.[1] Attached to the form is a typed statement as follows:

> Suspect is responsible for a kidnapping and attempted murder within our jurisdiction. Suspect was also present for another kidnapping in another jurisdiction which resulted in a homicide and a second attempted murder. Suspect is known to victims and is attempting to actively eliminate by homicide any witnesses related to other assaults and homicides he has been involved in.

Exigent Request Form, pg. 2.

### *Argument*

The Fourth Amendment protects the "right of the people to be secure in their persons…against unreasonable searches" and directs that "no Warrants shall issue, but upon probable cause." U.S. Const. amend IV. Individuals have an expectation of privacy in their cell-site location data stored by cellular service carriers and warrants are generally required for access to that information. *Carpenter v. United States*, 585 U.S. 296, 319-320 (2018). However, while the Supreme Court has recognized this expectation of privacy, it has also recognized that "case-specific exceptions may support a warrantless search of an individual's cell-site records under certain circumstances" such as "the exigencies of the situation." *Id.* (quoting *Kentucky v. King*, 563 U.S. 452, 460 (2011) other citation omitted). The "rationale underlying the exigent circumstances exception is a 'compelling need for

---

[1] A copy of the Exigent Request for will be admitted by stipulation or through testimony at a hearing on this motion.

official action and no time to secure a [search] warrant.'" *United States v. Curry*, 965 F.3d 313, 321 (2020)(quoting *Missouri v. McNeely*, 569 U.S. 141, 149 (2013)(other citation omitted). And while there is an exigent circumstances exception to the warrant requirement when there is not time to secure a warrant, it "is a 'narrow' one that must be 'well-delineated in order to retain [its] constitutional character.'" *Id.* (quoting *United States v. Yengel,* 711 F.3d 391, 391 (4th Cir. 2013); *United States v. Hobbs,* 24 F.4th 965 (4th Cir. 2022)(use of the exigent circumstances exception as applied to cell-site location data "is limited and narrow in application"). The Supreme Court "has identified only 'a few…emergency conditions' that rise to the level of exigent circumstances." *Id.* quoting *Welsh v. Wisconsin*, 466 U.S. 740, 749-50 (1984). Those defined exigencies include: (1) "the need to pursue a fleeing suspect" (2) to "protect individuals who are threatened with imminent harm," or (3) to "prevent the imminent destruction of evidence." *Carpenter*, 585 U.S. at 319-320; *Curry*, 965 Md. at 321-322; *Hobbs*, 24 F.4th at 969-970.

The exigent circumstances exception has been referred to as "the 'emergency aid' exception," by the Supreme Court, *Kentucky v. King*, 563 U.S. 452, 460 (2011), and the "emergency-as-exigency" exception in the Fourth Circuit. *Curry*, 965 F.3d at 322 (citing *Yengel*, 711 F.3d at 397). As the Fourth Circuit has explained, "[t]hough the 'emergency-as-exigency approach' may sound broad in name, it is subject to important limitations and thus is quite narrow in application." *Id*. at 322. The circumstances must present a true "emergency," which "is strictly construed," and "must be 'enveloped by a sufficient level of urgency." *Id.* quoting *Yengel*, 711 F.3d at 397. The necessary level of urgency is high; as the Fourth Circuit has said, "standing alone, even a 'possible homicide' does not present an 'emergency situation' demanding 'immediate [warrantless] action.'" *Curry* at 322

3

(quoting *Mincey v. Arizona*, 437 U.S. 385, 392 (1978)). In determining "whether a given emergency justifies officers bypassing a Fourth Amendment protection, courts look to officers' 'objectively reasonable belief …based on specific articulable facts and reasonable inferences that could have been drawn therefrom.'" *Id*. (quoting *Yengel*, 711 F.3d at 397).

In this case, law enforcement opted not to seek a judicially authorized search warrant and instead invoked the need to "protect individuals who are threatened with imminent harm" as the sole basis to access Mr. Contanza-Galdomez's historical and real time cell-site location information on June 11, 2020, to locate and arrest him.

The Exigent Circumstances form submitted by the investigating detective does not demonstrate the level of urgency necessary to circumvent the warrant requirement and law enforcement's warrantless access to Mr. Constanza-Galdomez's historical and real time cell-site location information on June 11, 2020. The Form submitted by Detective Atkins identified past alleged crimes, which are no doubt serious in nature, but cited no specific information to sufficiently support the assertion that there was such an *imminent* threat of harm by Mr. Constanza-Galdomez to another person that a warrant could not have first been obtained. Mr. Constanza therefore asserts that law enforcement violated his Fourth Amendment rights against an unreasonable search and seizure of his cell-site location data to locate him. The subsequent seizure and search of his person was a direct result of that violation. Therefore, Mr. Constanza-Galdomez moves for suppression of all items seized from him at the time of his arrest as fruit of the poisonous tree. *Wong sun v. U.S.*, 371 U.S. 471 (1963).

WHEREFORE, the Defendant requests that this Court grant an Order of Suppression on the grounds alleged herein and any other ground that may become apparent upon a hearing on the motion.

Respectfully submitted,

_____/S/_____
Julie M. Reamy
One Olympic Place, Suite 900
Towson, Maryland 21204
Telephone: (410) 605-0000
Email: juliereamy@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of May 2025, a copy of the foregoing *Supplemental Motion to Suppress Tangible Evidence* was filed electronically in the United States District Court for the District of Maryland, was served electronically through the Clerk of the United States District Court using CM/ECF, upon counsel of record for the government.

_____/s/_____

Julie M. Reamy